UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff/Respondent, | ) |
| | ) |
|     v. | ) Criminal Action No.  93-451-08 (TFH) |
| | ) |
| DWAYNE A. WASHINGTON, | ) |
| | ) |
|     Defendant/Movant. | ) |

**MEMORANDUM OPINION**

Defendant has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  On November 18, 1994, defendant was convicted of conspiracy to commit bribery, bribery, conspiracy to possess with the intent to distribute five kilograms of cocaine, attempted possession of cocaine with the intent to distribute, and two counts of carrying a firearm during a drug trafficking offense.  The Court sentenced defendant to 592 months imprisonment.

On appeal, the United States Court of Appeals vacated one of defendant's firearms convictions and remanded the case to the district court for re-sentencing.  *See United States v. Washington*, 106 F.3d 983, 1015-1018 (D.C. Cir.), *cert. denied*, 522 U.S. 984 (1997).  On July 18, 2000, this Court re-sentenced defendant to 196 months imprisonment.  An amended judgment and commitment order to that effect was issued by this Court on December 7, 2000.

On July 23, 2001, defendant filed a motion pursuant to 28 U.S.C. § 2255.  The motion did not specify any grounds for relief and was dismissed without prejudice by the Court on August 2, 2001.  In the present motion, defendant alleges that since the jury did not make a finding regarding the amount of drugs attributable to him, his sentence

violated ths Supreme Court's decision in *Ring v. Arizona*, 536 U.S. 584 (2002). In that case, the Supreme Court held that the Sixth Amendment requires that a jury make findings regarding the aggravating and mitigating factors before the imposition of the death penalty. *See id.* at 609.

Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim can be raised in habeas only if the defendant demonstrates "cause" and "prejudice" for his failure to raise the claim or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998). Defendant concedes that he has not raised the *Ring* claim, but that he had cause for not doing so because *Ring* was not decided until June 24, 2002, approximately 18 months after his re-sentencing.

The Court need not decide whether defendant has met the "cause" and "prejudice" standard. The Supreme Court has explicitly held that the *Ring* decision is not subject to retroactive application. *See Schriro v. Summerlin*, 124 S.Ct. 2519, 2526 (2004). Therefore, defendant's claim is without merit and his motion will be denied. A separate order accompanies this Memorandum Opinion.

_____
THOMAS F. HOGAN
Chief Judge

DATE:  August 5, 2005

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff/Respondent,** | ) |
| | ) |
| v. | ) Criminal Action No.  93-451-08 (TFH) |
| | ) |
| **DWAYNE A. WASHINGTON,** | ) |
| | ) |
| **Defendant/Movant.** | ) |

## FINAL JUDGMENT

In accordance with the Memorandum Opinion issued this 5th day of August, 2005,

it is **ORDERED** that defendant's 28 U.S.C. § 2255 motion [Dkt.# 598] is **DENIED**.

This is a final appealable order.  *See* Fed. R. App. P. 4(a).

_____
THOMAS F. HOGAN
   Chief Judge